UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-318-JBC

PAUL TESTER                                                                                           PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

DR. JAMES HURM, et al.,                                                    DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

The Court considers Plaintiff's "Motion For Emergency Injunctive Relief" [R. 38] concerning his medical care and treatment at Lee Adjustment Center ("LAC").[1] Plaintiff requests the Court to enter an injunction, directing defendants Vermont Department of Corrections/Corrections Corporation of America ("VDOC/CCA") to "immediately resume" treating his self-described "chronic pain condition" with a particular medication, Ultram. For the reasons stated below, the Court will deny Plaintiff's motion because he has not established that he is entitled to the requested injunctive relief.

## FACTUAL BACKGROUND

Paul Tester is in the custody of the Vermont Department of Corrections ("VDOC") and is presently incarcerated at LAC in Beattyville, Kentucky. LAC is managed by a private corporation, the Corrections Corporation of America ("CCA"). Tester filed this action pursuant to 42 U.S.C. § 1983, complaining of his medical care and treatment at LAC. In

---

[1] On November 24, 2010, Plaintiff filed a pleading styled "Complaint And Motion For Emergency Injunctive Relief." However, since this pleading raises no new claims and was unaccompanied by a motion for leave to amend the Complaint, the Court does not consider it to be a proposed Amended Complaint and will only address Plaintiff's motion for injunctive relief.

the interests of judicial economy, the Court incorporates by reference the factual background of this case that is detailed in the <u>Memorandum Opinion and Order</u> entered on December 16, 2009 [R. 6].

In a nutshell, Tester states that he has a long and complex medical history, stemming from a vocational accident in November 2003, when he suffered a serious spinal injury, head trauma, and injury to his right shoulder. As a result of these injuries, Tester claims to have severe, chronic neuropathic pain, and chronic orthopedic neck and shoulder pain. He states that while he was incarcerated in Vermont, his chronic pain condition was effectively treated with a specific medication, Ultram, and that after his transfer to LAC, prison officials there discontinued the pain management with Ultram and began administering a pain medication that does not effectively treat his condition. In his "<u>Motion For Emergency Injunctive Relief</u>," Plaintiff requests that prison officials at LAC be ordered to resume treating him with Ultram.

**ANALYSIS**

The defendants who survived the initial screening have been served with process and have answered the Complaint. A scheduling order has been entered, and this case is proceeding in the normal course toward resolution on the merits. In responding to Plaintiff's present motion, the Defendants advise that they are in the process of preparing a motion for summary judgment, which they anticipate filing in the near future.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In deciding whether the circumstances demand a preliminary injunction, the Court must "weigh carefully the interests on both sides." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975).

A four-factor test directs the Court's inquiry. *See, e.g., Int'l Longshoremen's Ass'n v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 63 (1991). The Court should consider: (1) whether there is a strong or substantial likelihood of success on the merits; (2) whether an injunction is necessary to prevent irreparable harm to the plaintiff; (3) whether granting the injunction will cause harm to others, including the defendant; and (4) whether the public interest favors granting the injunction. *Id*. There is no rigid formality required in applying these factors and they need not be given equal weight; they are meant to guide the Court in exercising its discretion. *In re Eagle-Pitcher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). The plaintiff bears the burden of proving that an injunction is proper. *See Overstreet*, 305 F.3d at 573.

In responding to Tester's motion, Defendants, through the affidavit of Tami Osborne, LCA Health Services Administrator, apprised the Court of Tester's treatment in the calendar year 2010, and they provided the Court with a copy of Tester's medical records up to December 1, 2010, along with a letter dated December 10, 2010, from Dr. Derrick

3

Hamilton, the staff physician at LAC who provides medical services to the inmates at LAC. Dr. Hamilton's letter summarizes Tester's current treatment plan and medication orders.

A review of Tester's medical records reveals that he continues to receive medical treatment at LAC and is under the current care of the medical staff at the institution, including Dr. Derrick Hamilton, who evaluated him on October 8, 2010. At that time, Dr. Hamilton reviewed Tester's condition and his complaint of low back pain. He examined Tester and concluded that he had chronic, unchanged, low back pain. He found no gross neurological or functional deficit. Dr. Hamilton declined to administer Ultram, the narcotic pain medication Plaintiff had requested,[2] but instead ordered other medications that he concluded were appropriate: an anti-inflammatory drug (diclofenac) and a muscle relaxer (cyclobenzaprine). Dr. Hamilton also has ordered exercise therapy.

Prior to being treated at LAC by Dr. Hamilton, Tester was treated by Dr. Roi Reed at LAC. On March 25, 2010, Dr. Reed examined Tester and found that Tester suffered from muscular pain. He ordered a short course of ketorolac (Toradol) injections for pain and inflammation. Following the injections, Dr. Reed also ordered oral anti-inflammatory and muscle-relaxing medications. Dr. Reed directly addressed Tester's request for narcotic pain medication (Ultram) by advising him that narcotic pain medications are not the proper treatment for chronic pain. He also addressed Tester's request for a double mattress by advising Tester that firm bedding is preferable for back pain.

Plaintiff's medical records demonstrate that his medical condition is not being ignored or unaddressed by the medical staff at LAC. The medical staff has directly

---

[2] Defendants advise that the Commonwealth of Kentucky classifies Ultram as a "scheduled drug" due to its opiate content and its dependency-forming capabilities.

addressed Tester's request for narcotic pain medication. The LAC physicians have not prescribed it but have ordered other treatment and medication that they have deemed more appropriate.

Tester has not established a strong or substantial likelihood of success on the merits of this case. Further, the Defendants have shown that they have treated and continue to treat Tester's medical condition and that he will not suffer irreparable harm absent an injunction. While Tester complains of pain, two LAC physicians in the last nine months have opined that the narcotic pain medication he requests is not the proper medication to be administered for the reasons they have stated. The injunctive relief Tester requests would be extraordinary relief not supported by his current medical condition and would be in conflict with the medical opinions of his most recent treating physicians. For these reasons, Tester's asserted claims are insufficient to support his request for injunctive relief. *See Abney v. Amgen, Inc.*, 443 F.3d 540, 546 -547 (6th Cir. 2006).

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion for Emergency Injunctive Relief" [R. 38] is **DENIED**.

Signed on  December 20, 2010 

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY