**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 09-318-JBC**

**PAUL TESTER,**                                                   **PLAINTIFF,**

**V.**             **MEMORANDUM ORDER AND OPINION**

**DR. JAMES HURM, ET AL.,**                           **DEFENDANTS.**

\* \* \* \* \* \* \* \* \*

      This matter is before the court on the defendants' motion for summary judgment (R. 53). Paul Tester, an inmate at the Lee Adjustment Center ("LAC"), a private institution run by Corrections Corporation of America ("CCA"), asserts in his *pro se* complaint that the defendants' failure to prescribe him Ultram/Tramadol for his persistent severe back pain is a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment, the Americans with Disabilities Act, and the Equal Protection Clause of the Fourteenth Amendment. The court will grant the motion because the defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law.

      Tester seriously injured his back while performing job-related duties and received private medical treatment until he was incarcerated in Vermont. Prior to his incarceration and while he was incarcerated in Vermont, he was given Ultram and/or its generic form Tramadol which helped him manage his back pain, though it did not eliminate the pain entirely. When Tester was transferred to LAC in

Kentucky in 2007, Dr. James Hurm continued Tester's prescription for Tramadol for a month, after which he discontinued it, citing concerns over its narcotic and possibly addictive nature with long-term use. Tramadol has been listed as a Schedule IV controlled substance in Kentucky, though not in Vermont, due to its "significant abuse potential." 902 KAR 55:030. Dr. Hurm tapered Tester off Tramadol in favor of non-addictive muscle relaxants and nonsteroidal anti-inflammatory drugs. These alternative medications did not effectively relieve Tester's pain and caused him unspecified adverse reactions.

Dr. Roi Reed, who became Tester's primary physician at LAC after Dr. Hurm left the facility, shared Dr. Hurm's view of the dangers of Tramadol. While under Dr. Reed's care, Tester was evaluated by Dr. Ballard Wright, a Lexington physician, and based on Dr. Wright's recommendation, Dr. Reed administered a two-week trial run of Tramadol to Tester at LAC, during which he was separated from the general inmate population and placed under medical observation. While Tramadol lessened Tester's pain, it never resolved or eliminated it. Dr. Reed, citing similar concerns as those voiced by Dr. Hurm, weaned Tester off Tramadol after the second week.

Dr. Derrick Hamilton, Tester's current primary physician at LAC, recommended in response to Tester's complaints of low back pain that he be evaluated at the University of Kentucky Pain Clinic, and the recommendation was approved by CCA. Based on their examination, the Pain Clinic physicians recommended Mobic, an anti-inflammatory, and Flexiril, a muscle relaxant, as needed for pain. They also recommended lumbar and cervical MRIs and an x-ray of

2

Tester's right shoulder. The x-ray showed that Tester's shoulder was "within normal limits;" the MRI of his lumbar spine showed "minimal early degenerative change at L5-S1 disc space level;" and another MRI showed his cervical spine was "within normal limits."

Tester, meanwhile, has been restricted by the medical staff at LAC to tasks that do not require him to sit or stand for long periods of time or to perform any lifting of over ten pounds. He has had positions in the kitchen and supply rooms, and has been given some accommodations for his back pain and other ailments, including extra mattresses and special shoes, and has turned down an offer permitting him to sit in a wheelchair while waiting in pill call lines. He has partaken of LAC's recreational physical activities, though he asserts that he does so only when no one else shows up to challenge him and he therefore wins automatically, or when he has a partner who will "carry" him.

Taking the facts of this case as Tester has stated them, *see Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008)*,* and liberally construing Tester's *pro se* pleadings, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), Tester is not entitled to relief as a matter of law under the Eighth Amendment, the Americans with Disabilities Act, or the Fourteenth Amendment. Summary judgment in favor of the defendants is therefore appropriate. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Summary judgment for the defendants is appropriate on Tester's Eighth Amendment claim because the defendants were not deliberately indifferent to his

3

serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The essential basis of Tester's claim is that the medications he has received from the defendants have not been effective at relieving his pain and that Tramadol, which the defendants have refused him, does effectively relieve his pain. The defendants' refusal, Tester asserts, therefore indicates deliberate indifference to his pain. Drs. Hurm, Reed, and Hamilton, citing concerns over Tramadol's narcotic effects and potential for addiction, elected not to prescribe it to Tester. This does not amount to cruel and unusual punishment under these circumstances, because it is not an "unnecessary and wanton infliction of pain," *see Estelle* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), but a reasoned medical judgment taking Tester's best interests into account. Tester has received medical attention for his pain, and the real dispute at the heart of his complaint is over the course of treatment. The court, however, is not in a position to second-guess the medical decisions of Tester's treating physicians. *See Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). Tester's claims that the defendants' refusals to give him Tramadol are motivated solely by financial concerns are groundless, particularly in light of the other medical treatment Tester has received at while at LAC. Tester has not presented an actionable claim under the Eighth Amendment, and therefore summary judgment will be granted to the defendants on this issue.

Tester alternately argues that if the defendants are unable to prescribe Tramadol for his use because of Kentucky regulations, he should be transferred

4

back to a Vermont facility and that it is a violation of his rights not to do so. Tester, however, has no right to be incarcerated at the facility of his choice where conditions might be more favorable, *see Meachum v. Fano*, 427 U.S. 215, 225 (1976). Tester has also grounded his claims in 28 V.S.A. § 801, which provides that health care shall be provided for inmates "in accordance with prevailing medical standards." As Tester's physicians have decided that Tramadol is unsuitable for long-term use, they have prescribed other drugs to help alleviate Tester's pain, and have pursued multiple diagnostic tests and treatments to determine and address the root cause of his pain. There is no genuine dispute over whether Tester's care has been in compliance with prevailing medical standards.

Tester's claims under the Americans with Disabilities Act also fail as a matter of law, first against the individual defendants because the ADA does not apply to individuals, *see* 42 U.S.C. § 12131(1), and second against CCA because the ADA does not apply to private entities in their acts not related to employment. Title II of the ADA applies only to public entities, *see* 42 U.S.C. § 12132, and though CCA has contracted with a government entity to provide governmental prison services, that does not convert CCA into a "public entity" for purposes of Title II. *See McCord v. Ohio Dept. of Rehabilitation and Correction*, No. 1:10 CV 2355, 2011 WL 768097 at *2 (N.D. Ohio Feb. 28, 2011); *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010); *Green v. City of New York*, 465 F.3d 65, 78-79 (2d Cir. 2006). Finally, private prisons are not among the private entities required to provide public accommodation under Title III. *See* 42 U.S.C. §

12181(7). The defendants are therefore entitled to summary judgment on Tester's ADA claims as a matter of law.

Tester's equal protection claim under the Fourteenth Amendment also fails as a matter of law because Tester has not demonstrated that CCA or the individual defendants have discriminated against him because of a disability without a legitimate reason to do so. Tester claims that the defendants' refusal to prescribe Tramadol prevents him from participating in prison vocational and recreational programs and other services offered to inmates because he is in too much pain to participate, and that this constitutes discrimination based on a disability. Assuming for the sake of argument that Tester's back pain is a disability and that if Tester were prescribed Tramadol it would cure his inability to take part in prison programs because of his back pain, Tester would still have to prove that the defendants' choice not to prescribe him Tramadol serves no legitimate purpose. *See Nevada Dept. of Human Resources v.* Hibbs, 538 U.S. 721, 722 (2003). The defendants' concerns regarding the narcotic effects of Tramadol and its addictive capacity are legitimate reasons for choosing not to administer it to Tester. Summary judgment in favor of the defendants is therefore appropriate on Tester's equal protection claim.

Tester has also written two letters to the court that the court construes as motions. In the first letter, R. 59, Tester professes surprise at learning that Dr. Hurm was not served and asks for assistance in serving him. The court will not assist with service; however, even if Dr. Hurm had been served, it would make no difference in the court's analysis of Tester's claims. In the second letter, R. 70,

6

Tester notifies the court that he has been transferred to another facility and asks for assistance obtaining his legal mail, papers, documents and evidence that he states have been refused him. As this court has granted summary judgment to all defendants, this letter, to the extent it can be construed as a motion for assistance obtaining his legal documents regarding this matter, is moot.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment (R. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** that Tester's letter (R. 59), which this court construes as a motion for assistance in serving the defendant, Dr. James Hurm, with summons, is **DENIED**.

**IT IS FURTHER ORDERED** that Tester's letter (R. 70), which this court construes as a motion for assistance obtaining his legal documents, is **DENIED** as moot.

A separate judgment will issue.

Signed on December 6, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY